Docket 149/168

J. HUTCHISON MITCHELL, complainant,

*v.*

NEW BRUNSWICK TRUST COMPANY, executor and trustee of the last will and testament of Jacob V. Rue, deceased, and MATILDA R. HOFFMAN, defendants.

[Decided May 11th, 1943.]

*Mr. Clifford I. Voorhees,* for the complainant.

*Messrs. Hicks, Kuhlthau, Thompson & Deshler,* for the defendant New Brunswick Trust Company, executor, &c.

*Mr. J. Richard Kafes,* for the defendant Matilda R. Hoffman.

STEIN, V. C.

Jacob V. Rue died April 23d, 1931. In his will he provided:

"*Fifth*—I give, devise and bequeath unto my beloved wife, Sarah L. Rue, my dwelling where I now reside, located on Buckelew Avenue in the Borough of Jamesburg, Middlesex County, New Jersey, to have, hold, receive, use and enjoy the rents, issues and profits thereof for and during the term of her natural life; and from and after her death, I give, devise and bequeath my said dwelling unto my two daughters, Matilda R. Hoffman and Alice V. Rue, to them and to their heirs and assigns forever."

In the sixth paragraph he gave all the rest, residue and remainder of his estate to his executor and trustee, New Brunswick Trust Company, in trust, for the following uses: To pay to his wife from the net income thereof the sum of $900 per year from the date of his death, payable quarterly during the term of her natural life, and the balance of the net yearly income to his two daughters, Matilda R. Hoffman and Alice V. Rue, in quarterly payments from the date of his death, for and during the life of his said wife. After the death of his wife, to pay the entire net income of the trust to his two daughters, Matilda R. Hoffman and Alice V. Rue, in quarterly payments, in each and every year until January 2d, 1950.

In the event that either of his daughters predeceased his wife or died before January 2d, 1950, leaving lawful issue surviving, then to pay to the lawful issue of such deceased daughter one-half of the net yearly income of the trust in quarterly payments until January 2d, 1950.

If his wife died before January 2d, 1950, then on and after January 2d, 1950, to pay over to his two daughters, Matilda R. and Alice V., the principal of his trust estate, together with any accumulations of income thereon.

In the event that either of his daughters predeceased him, or in the event that either of his daughters predeceased his wife, leaving lawful issue surviving, then on January 2d, 1950, or on the death of his wife, as the case may be, to pay the one-half part of the principal of the trust, together with any accumulations of income thereon, to the lawful issue of such deceased daughter.

The widow, Sarah L. Rue, died July 2d, 1934; the daughter, Alice V. Rue (Mitchell), wife of the complainant, died intestate on March 10th, 1934, prior to the death of her

mother, leaving lawful issue, Alice V. Mitchell, an infant, and complainant, J. Hutchison Mitchell, her husband, her surviving.

New Brunswick Trust Company, executor and trustee, as directed in the will of the testator, paid income to Sarah L. Rue and Alice V. Rue (Mitchell) during their lifetimes, and after the death of said Alice V. Rue (Mitchell) to The First National Bank of Bellefonte, Pennsylvania, the guardian of said infant, Alice V. Mitchell, from October 26th, 1934, to March 1st, 1941. The infant, Alice V. Mitchell, died intestate, a resident of Centre County, Pennsylvania, on or about March 27th, 1941, leaving her surviving only her father, J. Hutchison Mitchell, the complainant, and her maternal aunt, Matilda R. Hoffman.

The estate consists entirely of personalty with the exception of the dwelling house in Jamesburg.

The bill of complaint is filed for construction of the will of decedent and for a declaration of the complainant's rights thereunder.

Complainant claims to be entitled to one-half of the income of the trust from the date of the death of his daughter Alice and to one-half of the principal of testator's estate on January 2d, 1950, and alleges that the New Brunswick Trust Company as executor and trustee has refused to recognize such right in him.

By the will of the testator it was his expressed intention to carve out a life estate in favor of his widow with the remainder over to his two daughters and their heirs and assigns. In such case the gift of the remainder is deemed vested immediately in the absence of some controlling equity or some evidence in the will from which a different intent is implied. *Simpkins* v. *Simpkins, 131 N. J. Eq. 227; 24 Atl. Rep. (2d) 821,* and authorities cited.

So far as concerns the real estate the descent of the same is governed by the law of the state in which it is situated. Testator's daughter, Alice V. Rue, died intestate prior to the death of her mother leaving Alice V. Mitchell an infant as her only heir-at-law, and by *R. S. 3:3-2; N. J. S. A. 3:3-2,* the real estate descended upon the death of Alice V. Rue to

her daughter, Alice V. Mitchell, and by *R. S. 3:3-6* and *R. S. 3:3-8; N. J. S. A. 3:3-8*, it descended upon the death of Alice V. Mitchell an infant intestate to her maternal aunt, Matilda R. Hoffman, under the facts stipulated in this case.

It is stipulated that Alice V. Mitchell died a resident of the State of Pennsylvania, and her interest in the personal property is governed by the law of distribution of that state. The statute of Pennsylvania entitled "An act relating to the descent and distribution of the real and personal property of persons dying intestate; and to provide for the recording and registering of the decrees of the Orphans Court in connection therewith, and the fees therefor" provides:

"Section 8. In default of issue, as aforesaid, the real and personal estate of such intestate not hereinbefore given to the surviving spouse, if any there be, shall go to and be vested in the father and mother of such intestate; or, if either the father or mother be dead at the time of the death of the intestate, the parent surviving shall take such real and personal estate."

Decree in accordance with the foregoing.